SAMUEL P. HEDGES, for use, etc.

*v.*

CHAUNCEY T. BOWEN *et al.*

PAROL EVIDENCE—*to explain to whom guaranty was given.* Where an insurance company became consolidated with another, which assumed its liabilities, and the stockholders of the first executed a guaranty to pay all the debts and liabilities of the former, but the undertaking was to no one by name, it was *held*, that it might be shown by extrinsic evidence that the guaranty was to indemnify the latter company against liability for the former, and was not intended for the benefit of its policyholders.

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Messrs. SHUFELDT & WESTOVER, for the appellant.

Messrs. E. W. &. W. W. EVANS, for the appellees.

11—83D ILL.

Mr. JUSTICE WALKER delivered the opinion of the Court:

There were in existence two insurance companies, the Stock and Mutual and the National Insurance, doing business in Chicago in 1869. In the fall of that year, they consolidated their business and assets. This consolidation was completed by the 1st of January, 1870, when the Stock and Mutual company turned over to the National company all its assets, and took the same amount of stock in the latter company, and thereafter the Stock and Mutual company ceased to do business and to exist as a company, and the National Insurance Company continued to transact business. Under this arrangement, the National Insurance Company assumed all the "policy risks" of the Stock and Mutual company then outstanding, and became responsible for all future liabilities on the same.

When this consolidation took place, there were liabilities, as, judgments or suits pending in the courts against both companies, which were on claims for losses upon policies previously issued by these companies before they were merged into one. It was, at the time, agreed that three stockholders of each company should give their individual guaranty to the other company. Thereupon, appellees executed this agreement:

" CHICAGO, *January* 8, 1870.

" We, the undersigned, agree to, and do hereby guarantee and assume to pay, and will pay, all the debts and liabilities now outstanding against the Stock and Mutual Insurance Company of Chicago, Illinois."

Three of the stockholders of the National Insurance Company executed a like instrument, guaranteeing the payment of the debts and liabilities of that company. These papers were deposited with the secretary of the National Insurance Company.

After the merger of the two companies, the National Insurance Company continued to do business until the 19th of May, 1870, at which time it reinsured all its outstanding risks, including those issued by the Stock and Mutual, in the State

Insurance Company, and from that date it ceased to do further business and ceased to exist. The papers of the National Insurance Company were returned to the Auditor's office, and these guarantees with them.

Appellant held a policy in the Stock and Mutual company for $2500, which was reinsured in the State Insurance Company when the National Insurance Company went out of business and ceased to exist. The fire of October, 1871, in its disastrous results, rendered the State Insurance Company insolvent, and appellant's house, covered by this policy, having been consumed by that fire, and the State Insurance Company not being able to pay, appellant brought this action against appellees, on the guaranty executed by them and delivered to the National Insurance Company. A trial was had by the court below without a jury, by consent of parties, and, on the evidence adduced, the court found and rendered a judgment in favor of defendants, and plaintiff appeals to this court.

Appellant claims that this guaranty was made to, and for the benefit of, all persons holding policies or claims against the company, whether liabilities had then occurred or might subsequently occur; that it was for present existing liabilities or such as might subsequently arise. On the other hand, appellees contend that it was but a guaranty to indemnify the National Insurance Company against loss; that it was not given for the benefit of persons holding claims against the Stock and Mutual company, but simply as an indemnity, on the consolidation of the two companies, to the National Insurance Company. This is the question upon which this case mainly depends.

This instrument was manifestly intended to indemnify some persons or corporation from loss, but it fails to state who those persons were; and, in such case, it is perhaps admissible to resort to extrinsic evidence, even if it be parol, to learn who the persons are that were to be indemnified. If the paper is to have any effect whatever, it must be by force of extrinsic evidence. It does not say that the makers will pay to those having claims or demands, but it says they guarantee and

assume to pay, etc. If·designed to be for the benefit of claimants against the Stock and Mutual, we can not suppose they would guarantee payment to them, but would have promised directly to pay them. That it was a guaranty to the National company against loss by that company in consequence of the consolidation of the two companies, is obvious from the fact that the officers of the National company executed a similar guaranty for the payment of the debts of the latter company, which operated as an indemnity to the Stock and Mutual company and its officers against the debts of the National Insurance Company, and the verbal evidence establishes such to have been the fact. There is no evidence that there was any purpose on the part of the guarantors to incur any liability beyond indemnifying the National Insurance Company against the liability to pay the claims against the Stock and Mutual company; but the evidence shows that such was the only purpose.

Again, the policyholders of the Stock and Mutual company were not parties to the agreement, and are not named in it, nor was it delivered to them or to any person for their benefit.

We must therefore hold that the agreement was executed as an indemnity to the National Insurance Company against loss from the debts and liabilities of the Stock and Mutual Insurance Company, and not a guaranty to the holders of such debts and claims; that such creditors and claimants were not parties, or intended to be parties, to that agreement, and they can not sue upon and recover under this agreement.

Perceiving no error in this record, the judgment of the court below is affirmed.

*Judgment affirmed.*